UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| CITY OF CINCINNATI | : | CASE NO. 1:12-cv-00104 |
| | : | |
| Plaintiff, | : | Judge |
| v. | : | |
| | : | |
| DEUTSCHE BANK NATIONAL | : | **NOTICE OF REMOVAL** |
| TRUST COMPANY, AS TRUSTEE, *et al.* | : | |
| | : | |
| Defendants. | : | |
| | : | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1332 and 1441, Defendants Deutsche Bank National Trust Company ("DBNTC"); Deutsche Bank National Trust Company, as Trustee; Deutsche Bank Trust Company Americas ("DBTCA"); Deutsche Bank Trust Company Americas, as Trustee; and Deutsche Bank AG (collectively referred to as the "Deutsche Bank Defendants")[1] hereby remove to this Court the state court action described below.  As grounds for removal, the Deutsche Bank Defendants state the following:

---

[1] Defendants DBNTC and Deutsche Bank Trust Company Americas DBTCA hold title to properties only in their capacities as trustees of specific residential mortgage-backed securitization trusts.  Thus, Plaintiff's claims may only properly be brought against DBNTC and DBTCA in their capacities as trustees for the specific trusts that hold or held title to the specific properties at issue, if any.  To the extent Plaintiff's allegations are deemed to apply to DBNTC and DBTCA in any other capacities, the arguments and positions stated herein are made on behalf of DBNTC and DBTCA in those capacities, as well.  Also, all of Plaintiff's allegations regarding actions taken or not taken in connection with maintenance of properties concern activities that are handled by loan servicers on behalf of the applicable trustee and trust, not by DBNTC or DBTCA, in their capacities as trustee of a trust.

Plaintiff has also sued "Deutsche Bank Trust Company" and "Deutsche Bank Trust Company, as Trustee," which counsel for the Deutsche Bank Defendants has repeatedly represented to Plaintiff are non-existent entities.

## BACKGROUND

1.      On December 21, 2011, the City of Cincinnati ("Plaintiff" or the "City") commenced in the Court of Common Pleas of Hamilton County, Ohio, an action entitled *City of Cincinnati v. Deutsche Bank Nat'l Trust Co., as Trustee, et al.*, No. A 1110276 by filing a Complaint[2] against the Deutsche Bank Defendants; Wells Fargo Bank, N.A., as Trustee and Wells Fargo Bank, N.A. (collectively referred to as the "Wells Fargo Defendants"); and the Treasurer of Hamilton County, Ohio (the "County Treasurer").[3]  Copies of the Summonses and Complaint are attached hereto as Exhibit 1.[4]

2.      Plaintiff alleges that the Deutsche Bank and Wells Fargo Defendants violated Ohio law by allegedly maintaining certain properties identified in the City's Complaint (the "Properties") in a nuisance condition, and engaging in purported business practices that allegedly constitute a common law public nuisance under Ohio law.  Claims One through Five are for fees

---

[2] On January 13, 2012, Plaintiff filed an Amended Complaint.  Prior to Plaintiff's filing of the Amended Complaint, the County Treasurer filed its Answer to Plaintiff's original Complaint. Plaintiff's Amended Complaint is not operative pursuant to Ohio Rule of Civil Procedure 15(A) because it was filed after a responsive pleading was served and without either leave of court or written consent of Defendants.  Ohio R. Civ. P. 15(A) ("A party may amend his pleading once as a matter of course at any time before a responsive pleading is served" and "[o]therwise . . . may amend his pleading only by leave of court or by written consent of the adverse party.").  Copies of the Written Request for Service, Summonses and Amended Complaint are attached hereto as Exhibit 2.

[3] Plaintiff previously filed a different complaint against some of the same defendants in December 2008, which it voluntarily dismissed in August 2011.  Defendants removed that action, and the action was remanded for the reasons set forth in this Court's order of February 10, 2009.  *City of Cincinnati v. Deutsche Bank Nat'l Trust Co., et al.*, No. 08-CV-888 (S.D. Ohio Feb. 2, 2009) (order granting the City's motion to remand).  The analysis supporting removal is different today than it was in 2009 for the reasons explained herein, including new Sixth Circuit case law on realignment, the status of the properties at issue in the City's Complaint, and the historical involvement of the County Treasurer in the City's case.

[4] Due to their volume, the exhibits to Plaintiff's Complaint are being filed electronically with this Court under separate cover.  Plaintiff incorporated the exhibits filed with its original Complaint into its Amended Complaint by reference.

or fines allegedly due under the City of Cincinnati Municipal Code (the "Code"), or for alleged violations of the Code.  (Compl. ¶¶ 44-71.)  Claim Six is for statutory public nuisance pursuant to Ohio Revised Code Annotated Section 3767.41 (the "Ohio public nuisance statute"), and Claim Seven is for an order of remedial action of the alleged statutory public nuisance.  (*Id*. ¶¶ 72-79.)  Claim Eight asks the Court to find that the business practices of the Deutsche Bank Defendants and the Wells Fargo Defendants are a common law absolute public nuisance under Ohio law.  (*Id*. ¶¶ 80-94.)  Claim Nine asks that the Court find that the Properties allegedly owned by the Deutsche Bank Defendants and the Wells Fargo Defendants, and that are not in compliance with the Code or state law, are common law public nuisances.  (*Id*. ¶¶ 95-101.) Claim Ten seeks a declaratory judgment against the Deutsche Bank Defendants and the Wells Fargo Defendants.  (*Id*. ¶¶ 102-104.)  Claim Eleven alleges that the Deutsche Bank Defendants and the Wells Fargo Defendants have intentionally interfered with Plaintiff's fiduciary public trust responsibility to its citizenry.  (*Id*. ¶¶ 105-109.)  Claim Twelve is for punitive damages.  (*Id*. ¶¶ 110-113.)

## TIMELINESS OF REMOVAL

3.    The docket of the Clerk of Courts of the Hamilton County, Ohio, Court of Common Pleas shows that the Complaint was served on the Deutsche Bank Defendants on January 4, 2012.  This Notice is timely filed within 30 days of service of the Summons and Complaint on the Deutsche Bank Defendants.  28 U.S.C. § 1446(b).

## DIVERSITY JURISDICTION EXISTS

4.    Removal of this action is proper because this Court has original jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, and may be removed to this Court pursuant to Section 1441(b) of Title 28 of the United States Code because it is a civil

action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.       Complete diversity of citizenship exists between Plaintiffs and Defendants.

6.       Plaintiff is a citizen of the State of Ohio. *See Illinois v. City of Milwaukee*, 406 U.S. 91, 97 (1972) ("[F]or the purposes of diversity of citizenship, political subdivisions are citizens of their respective states."); *Helmsley v. City of Detroit*, 205 F. Supp. 793, 794 (E.D. Mich. 1962), *aff'd*, *Helmsley v. City of Detroit*, 320 F.2d 476 (6th Cir. 1963).

7.       None of the properly named Defendants, specifically the Deutsche Bank Defendants and the Wells Fargo Defendants, are citizens of the State of Ohio.

      a.       Defendant DBNTC is a citizen of California because it is a national bank organized to carry on the business of a limited purpose trust company and its articles of association designate that its main office is located in California. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006) (a national bank's citizenship is the state designated in its articles of incorporation as the locus of its main office).

      b.       DBTCA is a citizen of the State of New York because it is a New York State chartered bank with its principal place of business in New York State.

      c.       Deutsche Bank AG is a German banking corporation with its principal place of business in Frankfurt, Germany, and its New York branch is located at 60 Wall Street, New York, New York. *See Wachovia Bank*,

546 U.S. at 318.

d.     Defendant Wells Fargo Bank, N.A. is a citizen of South Dakota because it is a national bank and its articles of association designate that its main office is located in South Dakota.  *See id.*

8.     The Complaint also names as a Defendant the County Treasurer, a citizen of Ohio.  However, the Court should realign the County Treasurer as a plaintiff in this action.  In the alternative, the Court should disregard the citizenship of the County Treasurer in determining diversity jurisdiction on the ground that the County Treasurer has been fraudulently joined.

**Defendant County Treasurer Should Be Realigned as a Plaintiff**

9.     The County Treasurer should be realigned as a plaintiff in this case.  "[I]t is the court's responsibility to ensure that the parties are properly aligned according to their interests in the litigation."  *Cleveland Hous. Renewal Project v. Deutsche Bank Trust Co.*, 621 F.3d 554, 559 (6th Cir. 2010) (citations omitted).  "Parties must be aligned in accordance with the primary dispute in the controversy, even where a different, legitimate dispute between the parties supports the original alignment."  *Id.* (internal quotation marks omitted).

10.     The City's and the County Treasurer's interests are aligned with respect to the primary dispute in this litigation.  The primary dispute in this litigation is the alleged "unlawful public nuisance property maintenance business practices of Deutsche Bank and Wells Fargo," which the City alleges "lead[] directly to blighted public nuisance properties in the City" and for which the City seeks injunctive and declaratory relief as well as compensatory and punitive damages.  (Compl. ¶ 1.)  The City does not assert any of its twelve causes of action against the County Treasurer.  Nor does the City seek any form of relief from the County Treasurer.  These

facts demonstrate that the City's and the County Treasurer's interests are aligned.  Furthermore, both the City and the County Treasurer have a financial and public interest in abating public nuisance properties in Cincinnati.

11.     The Court of Appeals for the Sixth Circuit recently affirmed the district court's realignment of a defendant, the City of Cleveland, as a plaintiff where the plaintiff community group brought statutory public nuisance claims against defendants, including DBNTC and DBTCA, based on allegations similar to those in this action.  *Cleveland Hous. Renewal Project*, 621 F.3d at 559-60.  The community group plaintiff asserted that it named the City of Cleveland as a defendant on the basis that it may have liens on the properties that were the subject of the complaint.  The Court of Appeals for the Sixth Circuit found that the potentially adverse interests between the plaintiff and the City of Cleveland were "ancillary or secondary to the ultimate purpose of the lawsuit, i.e., to abate the conditions creating the nuisance." *Id.* at 559.  With respect to the primary controversy, the Court of Appeals for the Sixth Circuit found that the City of Cleveland's interests were aligned with the plaintiff community group's interests.  *Id.* Therefore, the Court of Appeals for the Sixth Circuit found that the City of Cleveland was properly realigned as a plaintiff.  Similarly, here, if the City has any adverse interests to the County Treasurer, they are secondary to the purpose of the City's claims against the Deutsche Bank Defendants and the Wells Fargo Defendants.

12.     Moreover, although the Complaint in this action was only recently filed, the parties have been involved in litigation over the same issues for over three years, and during that time, the County Treasurer has not defended itself in the litigation in any meaningful way.  The City brought a nearly identical complaint against some of the same defendants, including the County Treasurer, in December of 2008.  The City voluntarily dismissed that complaint on

August 24, 2011.  From December of 2008 to August of 2011, the County Treasurer, despite

being a defendant in that action, did not attend or participate in status conferences or brief any

motions in state court.  Those actions (or lack thereof) demonstrate that with respect to the

primary dispute in this and the prior action, the County Treasurer's interests are not adverse, but

rather are aligned with Plaintiff's interests.  Therefore, the County Treasurer should be realigned

as a plaintiff in this action.

13.     The City's Complaint makes no allegations against the County Treasurer at all.

The only mention of the County Treasurer is in the City's description of the parties in this case.

The City states that the County Treasurer "may have, or claim to have, some interest in or lien

upon the properties that are the subject of this action based on property taxes owed and unpaid."

(Compl. ¶ 5.)  The City fails, however, to allege that the County Treasurer actually has even one

such interest or lien, and fails to allege how such an interest could support any claim the City

may have against the County Treasurer.  If the City has an actual dispute with the County

Treasurer, it has not been alleged in the Complaint.  (*Id.*)

14.     Although the City has asserted that the County Treasurer "may have" "some"

interest in "property taxes owed and unpaid," the only way in which that speculative interest

could possibly be implicated in this action is in the context of the City's Claims Six and Seven

for statutory public nuisance.  (The City's other ten claims are for money damages from or

equitable relief against the Deutsche Bank and Wells Fargo Defendants based on alleged Code

violations and purportedly unlawful business practices, and do not implicate the County

Treasurer's alleged interest in taxes owed and unpaid in any way.)

15.     Presumably, the City means to assert that, hypothetically, the City's and the

County Treasurer's interest could potentially diverge in the context of the statutory public

nuisance claims because, where there are property taxes owed, unpaid, and certified delinquent with respect to a property, the County has the first and best lien on that property. Ohio Rev. Code § 323.25. "If the taxes have not been paid for one year after having been certified as delinquent," under certain circumstances, "the state shall institute foreclosure proceedings." *Id.* § 5721.10.

16. Presumably, the City also means to assert that the County Treasurer could potentially lose its first lien if the City were successful on its statutory public nuisance causes of action, and an interested party or receiver were appointed with respect to the subject properties. Specifically, Ohio's public nuisance statute provides that a complainant must serve the complaint and notice of hearing on the owner of the alleged nuisance property and all other interested parties. *Id.* § 3767.41(B)(2)(a). Section 3767.41 defines "interested parties" as "any owner, mortgagee, lienholder, tenant, or person that possesses an interest of record." *Id.* § 3767.41(A)(4). If the owner of the property refuses to abate the nuisance conditions, the court must offer any interested party the opportunity to do so. *Id.* § 3767.41(C)(2). If no interested party is willing to undertake the necessary work, the court may appoint a receiver to take possession and control of the building and to repair and rehabilitate it, or, if repair and rehabilitation are not feasible, to demolish it. *Id.* §§ 3767.41(C)(2), (E). Pursuant to the statute, all expenses incurred in the abatement process by an appointed interested party or receiver are a first lien on the property, superior to all prior and subsequent liens, including county property taxes and assessments. *Id.* § 3767.41(H)(2)(a). If the property is sold, amounts due for delinquent taxes and assessments are not paid unless and until the appointed interested party or receiver's expenses are paid in full. *Id.* § 3767.41(I)(3). In addition, the title conveyed in a sale under the statute is "free and clear of all liens for delinquent taxes, assessments," etc. owed to the

state or any political subdivision thereof.  *Id.* § 3767.41(K).  Thus, hypothetically, the County

Treasurer's and City's interests could potentially diverge if the City were seeking relief under the

public nuisance statute with respect to a specific property; if it were successful in doing so; if an

interested party or a receiver were appointed with respect to that property; if that interested party

or receiver were to assert a lien to recover expenses as against the property; if the County

Treasurer also asserted a first lien or pursued a foreclosure on the property to recover delinquent

taxes as against that specific property; and if the property value were insufficient to allow both

the County Treasurer and the interested party or receiver to recover the amounts they sought.

17.     This hypothetical and speculative divergence of interests between the City and the

County Treasurer is, at best, secondary to the primary dispute in this litigation:  the alleged

"unlawful public nuisance property maintenance business practices of Deutsche Bank and Wells

Fargo."  (Compl. ¶ 1.)

18.     Moreover, this hypothetical divergence of interests is not possible on the facts as

alleged in the Complaint and at the time of removal because the statutory public nuisance claims

apply only to current owners of property and there are no delinquent property taxes on any of the

properties currently owned by Defendants in their capacities as trustees of specific trusts (or in

any other capacity).  A plaintiff bringing an action pursuant to the Ohio public nuisance statute

may only be awarded relief against the current owner of a property.  *See* Ohio Rev. Code

§§ 3767.41(B)(2)(a), (C)(1)-(2).  In the exhibits to its Complaint, Plaintiff identifies a total of

419 properties allegedly titled to the Deutsche Bank Defendants or the Wells Fargo Defendants

that are at issue in this case.  (Compl. ¶ 19 ("Exhibits B and C to this Complaint lists [sic] the

properties relevant to each claim the City asserts against Deutsche Bank and Wells Fargo,

respectively").)  Of these 419 properties, only five are currently owned by the trusts for which

DBNTC or DBTCA serve as trustee, and only two are currently owned by the Wells Fargo Defendants.[5]  The remainder of the properties are not currently owned by any Defendant in any capacity.  Moreover, **_none_** of the seven properties that are currently owned by trusts for which DBNTC or DBTCA serve as trustee or by the Wells Fargo Defendants have any tax delinquencies associated with them according to information that is publicly available on the Hamilton County Auditor's website.  Therefore, on the facts alleged in the Complaint and at the time of removal, there is no possibility of divergent interests between the City and the County Treasurer because there are no taxes owed and unpaid with respect to the properties currently owned by Defendants in their capacities as trustees of specific trusts or in any other capacities.  Because the City's hypothetical divergence of interest between itself and the County Treasurer is, in fact, not a divergence of interest at all, it is clear that the County Treasurer should be realigned as a plaintiff for purposes of assessing diversity jurisdiction in this case.

19.     In sum, the interests of the City and the County Treasurer are aligned with respect to the primary dispute in this action.  As to any hypothetical and secondary dispute regarding the County Treasurer's interest in any delinquent taxes, there is no possibility that the City's and the County Treasurer's interests could diverge on the facts as pled in the Complaint and at the time of removal because: (a) the County Treasurer's interest in any delinquent taxes could only arise in the context of the statutory public nuisance claims, (b) statutory nuisance claims can only be maintained against the owner of a property, (c) the Deutsche Bank Defendants in their capacities as trustees of specific trusts only own five and the Wells Fargo Defendants only own two of the

---

[5] The addresses of the properties currently owned by trusts for which DBNTC or DBTCA serve as trustee are:  320 Crestline Avenue, 1402 Lakeland Avenue, 3024 Ahrens Street, 3711 Washington Avenue, and 3516 McHenry Avenue.  The addresses of the properties currently owned by the Wells Fargo Defendants, in some capacity, are: 1519 Republic Street and 4372 Winton Road.

identified properties, and (d) there are no delinquent taxes on any of those seven currently owned properties.

### Defendant County Treasurer Is Fraudulently Joined

20.     In the alternative, the Court should disregard the citizenship of the County Treasurer in determining diversity jurisdiction because it was fraudulently joined.  Fraudulent joinder exists where there is no colorable cause of action against the defendant under state law. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994); *Rose v. Giamatti*, 721 F. Supp. 906, 917 (S.D. Ohio 1989).

21.     The City has not asserted any cause of action against the County Treasurer, let alone a colorable cause of action, and thus the County Treasurer has been fraudulently joined. None of Plaintiff's twelve "Legal Claims" are asserted against the County Treasurer, and the City has not alleged that the County Treasurer has engaged in any wrongdoing.  (Compl. ¶¶ 44-113.)  In fact, the City's Complaint does not seek any relief against the County Treasurer at all.

22.     Because Plaintiff has no colorable claim under state law against the County Treasurer (the only non-diverse Defendant) on the facts alleged, the County Treasurer is a fraudulently joined party, whose citizenship should be disregarded for purposes of diversity jurisdiction.  *Alexander*, 13 F.3d at 949; *Rose*, 721 F. Supp. at 917; *Miner v. Hirschbach Motor Lines, Inc.*, No. 05-CV-0703, 2005 WL 1377875, at *1 (N.D. Ohio June 7, 2005) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999)).

### The Amount in Controversy Exceeds the Jurisdictional Minimum

23.     In addition to fulfilling the complete diversity requirement, the City's Complaint

also satisfies the amount in controversy requirement. In an action seeking injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 337 (1977) (citations omitted); *accord Goldsmith v. Sutherland,* 426 F.2d 1395, 1398 (6th Cir. 1970). In the case at bar, the amount in controversy exceeds $75,000, as Plaintiff requests judgment in an amount exceeding $264,900 against the Deutsche Bank Defendants and $229,100 against the Wells Fargo Defendants for the alleged violations of the Code in Claims One through Five alone.

24. Therefore, pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction and the Deutsche Bank Defendants are entitled to remove to this Court based upon that jurisdiction.

## PROCEDURAL REQUIREMENTS AND LOCAL RULES HAVE BEEN SATISFIED

25. All of the statutory requirements for removal to this Court under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) and (b) have been satisfied.

26. Pursuant to 28 U.S.C. § 1446(a), the Deutsche Bank Defendants have attached all process, pleadings and orders served upon it to date as Exhibits 1-7.[6]

27. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be served upon Plaintiff's counsel, and filed with the Court of Common Pleas of Hamilton County, Ohio.

28. The Wells Fargo Defendants have consented to this removal. The consent of the

---

[6] Copies of the Hamilton County Court of Common Pleas Service Returns for the Complaint are attached hereto as Exhibit 3. A copy of the Answer of the Auditor and Treasurer of Hamilton County, Ohio to Plaintiff's Complaint is attached hereto as Exhibit 4. Copies of the Hamilton County Court of Common Pleas Service Returns for the Amended Complaint are attached hereto as Exhibit 5. A copy of the Amended Answer of the Auditor and Treasurer of Hamilton County, Ohio is attached hereto as Exhibit 6. The Stipulated Extension of Time Within Which to Answer Plead or Otherwise Move is attached hereto as Exhibit 7.

County Treasurer is not required because it has been fraudulently joined as a defendant.  *See Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 WL 91786, at *3 n.8 (6th Cir. Mar. 22, 1994) (per curiam); *Constant v. Wyeth*, 352 F. Supp. 2d 847, 849 (M.D. Tenn. 2003); *cf. Local Union No. 172, Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Ironworkers v. P.J. Dick, Inc.*, 253 F. Supp. 2d 1022, 1026-27 (S.D. Ohio 2003).

29.     By filing this Notice of Removal, the Deutsche Bank Defendants do not waive any of their affirmative defenses, including, but not limited to, their right to move to dismiss for lack of personal jurisdiction, improper service, improper venue, or failure to state a claim.

WHEREFORE, the Deutsche Bank Defendants pray that the action pending against it as Case No. A1110276, in the Court of Common Pleas of Hamilton County, Ohio be removed to this Court.

Dated:  February 3, 2012                     Respectfully submitted,


                                             /s/ Carolyn A. Taggart by Kendall V. Shaw
                                             Carolyn A. Taggart (Trial Attorney) (0027107)
                                             Kendall V. Shaw     (0076556)
                                             Porter Wright Morris & Arthur LLP
                                             250 E. Fifth Street, Suite 2200
                                             Cincinnati, OH  45202
                                             Phone:  (513) 369-4231
                                                     (513) 369-4245
                                             Fax:     (513) 421-0991
                                             Email: ctaggart@porterwright.com
                                                    kvshaw@porterwright.com

                                             *Attorneys for Defendants*
                                             *Deutsche Bank National Trust Company;*
                                             *Deutsche Bank National Trust Company, as*
                                             *Trustee; Deutsche Bank Trust Company*
                                             *Americas; Deutsche Bank Trust Company*
                                             *Americas, as Trustee; and Deutsche Bank AG*

_/s/ Elizabeth A. Frohlich by Kendall V. Shaw_
Elizabeth A. Frohlich (_pro hac vice_ application to be submitted)
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, California  94105
Phone:  (415) 442-1000
Fax:      (415) 442-1001
Email:      efrohlich@morganlewis.com

_Attorneys for Defendants_
_Deutsche Bank National Trust Company;_
_Deutsche Bank National Trust Company, as_
_Trustee; Deutsche Bank Trust Company_
_Americas; Deutsche Bank Trust Company_
_Americas, as Trustee; and Deutsche Bank AG_

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a copy of the forgoing Notice of Removal has been electronically filed on this Court's CM/ECF system and served by regular U.S. Mail, postage prepaid, and also provided by electronic mail, this 3rd day of February, 2012, upon the following:

Paula Boggs Muething
Richard Ganulin
Assistant City Solicitor
Room 214, City Hall
801 Plum Street
Cincinnati, OH  45202

*Attorney for Plaintiff*
*City of Cincinnati*

David Dunn
Peter J. Dennin
Jordan L. Estes
HOGAN LOVELLS US LLP
875 Third Avenue
New York, NY 10022
Tel. (212) 918-3000
Fax. (212) 918-3100

*Attorneys for Defendant*
*Wells Fargo Bank, N.A. and Wells Fargo*
*Bank, N.A. as Trustee*

Lawrence C. Baron
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, OH  45202

*Attorney for Defendant*
*Hamilton County Treasurer*

James E. Burke
Keating Muething & Klekamp PLL
One East Fourth Street
Suite 1400
Cincinnati, OH 45202
Tel.  (513) 579-6429
Fax. (513) 579-6457

*Attorneys for Defendants Wells Fargo Bank,*
*N.A. and Wells Fargo Bank, N.A., as Trustee*

/s/Kendall V. Shaw_____
Kendall V. Shaw, Esq.