COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

A 1 1 1 0 2 7 6

| | | |
|---|---|---|
| CITY OF CINCINNATI | : | Case No. _____ |
| 801 Plum Street | | |
| Cincinnati, Ohio 45202 | : | |
| | | Judge _____ |
| Plaintiff, | : | |
| | | |
| -vs- | : | |
| | | **COMPLAINT FOR** |
| DEUTSCHE BANK NATIONAL | : | **INJUNCTIVE RELIEF,** |
| TRUST COMPANY, AS TRUSTEE | | **DECLARATORY** |
| Deutsche Bank AG | : | **RELIEF AND DAMAGES** |
| 60 Wall Street | | |
| New York, NY 10005 | : | |
| | | |
| -and- | : | |
| | | |
| DEUTSCHE BANK NATIONAL | : | |
| TRUST COMPANY, AS TRUSTEE | | |
| c/o Robert S. Khuzani, General | : | |
| Counsel | | |
| Deutsche Bank AG | : | |
| 60 Wall Street | | |
| New York, NY 10005 | : | |
| | | |
| -and- | : | |
| | | |
| DEUTSCHE BANK TRUST | : | FILED |
| COMPANY, AS TRUSTEE | | DEC 21 2011 |
| Deutsche Bank AG | : | TRACY WINKLER |
| 60 Wall Street | | CLERK OF COURTS |
| New York, NY 10005 | : | |
| | | |
| -and- | : | |
| | | |
| DEUTSCHE BANK, AG | : | |
| Deutsche Bank AG | | |
| 60 Wall Street | : | |
| New York, NY 10005 | | |
| | : | |
| -and- | | |
| | : | |

{00007061-3}

DEUTSCHE BANK TRUST COMPANY    :
AMERICAS
Deutsche Bank AG    :
60 Wall Street
New York, NY  10005    :

-and-    :

DEUTSCHE BANK TRUST COMPANY    :
AMERICAS, AS TRUSTEE
Deutsche Bank AG    :
60 Wall Street
New York, NY  10005    :

-and-    :

DEUTSCHE BANK NATIONAL TRUST    :
COMPANY
Deutsche Bank AG    :
60 Wall Street
New York, NY  10005    :

-and-    :

DEUTSCHE BANK TRUST    :
COMPANY
Deutsche Bank AG    :
60 Wall Street
New York, NY  10005    :

-and-    :

WELLS FARGO BANK, N.A.,    :
AS TRUSTEE
c/o James M. Strother, General    :
Counsel
420 Montgomery Street    :
San Francisco, CA  94104
    :
-and-
    :
WELLS FARGO BANK, N.A.,
101 North Phillips Street    :
Sioux Falls, SD 57104
    :
-and-

{00007061-3}        2

TREASURER OF HAMILTON          :
COUNTY, OHIO                   :
138 East Court Street, Room 402
Cincinnati, Ohio 45202         :

        **Defendants.**          :

## COMPLAINT

Plaintiff City of Cincinnati ("City"), for its Complaint against the Defendants operating in affiliation with Deutsche Bank (hereinafter referred to collectively as "Deutsche Bank") and against the Defendants operating in affiliation with Wells Fargo Bank (hereinafter referred to collectively as "Wells Fargo") (collectively as "Deutsche Bank and Wells Fargo" or the "banks"), respectfully states as follows:

## PRELIMINARY STATEMENT AND INTRODUCTION

1.    The City of Cincinnati seeks relief from the unlawful public nuisance property maintenance business practices of Deutsche Bank and Wells Fargo. Both Deutsche Bank and Wells Fargo decide whether or not to comply with state and local property maintenance laws based solely on the economics of the particular property they own. Thus, in some neighborhoods in the City, the banks routinely ignore state and local property maintenance laws because compliance with these laws requires the banks to expend funds they do not believe they will recover. If it does not benefit their bottom line, Deutsche Bank and Wells Fargo will not comply with the law. This unlawful public nuisance business practice leads directly to blighted public nuisance properties in the City and systematically privatizes economic gain (to the benefit of Deutsche Bank and Wells Fargo) and socializes economic loss (to the detriment of the City and its citizens). Deutsche Bank and Wells Fargo's cost benefit analysis systemizes the banks' decision to walk away from their legal obligations when they do not expect to recover money

{00007061-3}                   3

spent complying with property maintenance laws. The banks walk away from their bad financial decisions and leave the City of Cincinnati and its citizens to address the problems associated with the banks' nuisance properties. Accordingly, the City seeks injunctive and declaratory relief from this conduct, as well as compensatory damages and punitive damages.

## THE PARTIES

2.      Plaintiff City of Cincinnati is a home-rule chartered municipal corporation under Article XVIII, Section 7 of the Ohio Constitution. The City is located in Hamilton County, Ohio.

3.      Defendant Deutsche Bank is an American affiliate of a German financial conglomerate, headquartered in Frankfurt, Germany, with its United States regional head office located at 60 Wall Street, New York, NY 10005. Deutsche Bank's website states that it has 102,062 employees worldwide. In the third quarter of 2008, in the midst of a world wide financial meltdown, Deutsche Bank reported a profit of 1.3 billion dollars. According to its website, in 2010 it reported 1.9 trillion Euros or $2.75 trillion U.S. Dollars in total assets and a net income of 2.3 billion Euros or $3.33 billion U.S. Dollars. Deutsche Bank claims to be dedicated to "Corporate Social Responsibility," which it describes on its website:

> Deutsche Bank regards corporate social responsibility (CSR) as an investment in society and in its own future. We consider our topmost social responsibility to be internationally competitive, to earn commensurate profits, and to grow as a company. Our second priority as a good corporate citizen is to earn money in a manner that is both socially and ecologically responsible. The third and most visible part of CSR is our support for socially beneficial activities.

The website does not state whether Deutsche Bank regards compliance with local and state property maintenance laws as an important part of corporate social responsibility.

4.      Defendant Wells Fargo is an institutional investment manager with a business address at 101 North Phillips Street, Sioux Falls, SD 57104. According to its website, Wells Fargo has approximately 280,000 employees worldwide, 1.2 trillion dollars in assets and the market value

of its stock is 168.1 billion dollars.  In the third quarter of 2008, in the midst of a world wide financial meltdown, Wells Fargo reported a net income of 1.64 billion dollars and revenue of 10.38 billion dollars, an increase of 5% over the previous year.  Well Fargo claims to be dedicated to "Corporate Social Responsibility" and states, "We alone are ultimately responsible and accountable for our ethical behavior, business practices, lending decisions, risk management and profitability."  The website does not state whether Wells Fargo regards compliance with local and state property maintenance laws as an important part of corporate social responsibility.

5.     The Treasurer of Hamilton County, Ohio, may have, or claim to have, some interest in or lien upon the properties that are the subject of this action based on property taxes owed and unpaid.

## JURISDICTION AND VENUE

6.     Jurisdiction and venue are proper in this Court.

## STATEMENT OF FACTS

7.     Deutsche Bank and Wells Fargo own or have owned hundreds of properties within the City of Cincinnati and Hamilton County.  The banks will continue to acquire properties in the City of Cincinnati and Hamilton County.  Deutsche Bank and Wells Fargo have consistently failed to maintain properties they own in accordance with state and local property maintenance laws. Deutsche Bank's and Wells Fargo's unlawful property maintenance practices and policies have persisted since at least January 1, 2006.

8.     During the pendency of Case No. A0811824, a prior proceeding between the City and Deutsche Bank and Wells Fargo, the banks separately entered into a series of Agreed Entries with the City of Cincinnati (attached as Exhibit A).

9.    As demonstrated by their numerous Agreed Entries, it is clear that Deutsche Bank and Wells Fargo have the *ability* to maintain properties when they choose. In these Agreed Entries, the City agreed to stay Case No. A0811824 for a period of time in exchange for the banks' commitment to rehabilitate the named nuisance properties. In total, the banks brought 22 properties into compliance through seven Agreed Entries.

10.    The Agreed Entries demonstrate that Deutsche Bank and Wells Fargo have the ability to abate nuisance conditions on their properties. Apparently, however, the banks require an incentive beyond merely achieving compliance with the law. This conduct further demonstrates that in the City's more vulnerable neighborhoods, the banks will bring properties into compliance with the law if and only if the banks stand to profit (*i.e.*, by receiving a stay of litigation) from abating the nuisance conditions they maintain on their properties.

11.    The fundamental core problem with the way Deutsche Bank and Wells Fargo have engaged in the business of property ownership within the City of Cincinnati is that they do not maintain properties they own in accordance with the property maintenance laws simply because that is what such laws require. Instead, Deutsche Bank and Wells Fargo engage in a cost-benefit analysis as to whether compliance with the relevant safety laws will produce an economic return and, in accordance with that analysis, their business practice is to spend money to comply with property maintenance laws only in neighborhoods and on properties for which they calculate an acceptable financial return on their "investment." Conversely, if compliance with the law will result in an expenditure of funds that they will not recover, Deutsche Bank and Wells Fargo consistently and systematically disregard the law. This unlawful business practice directly impacts the City of Cincinnati and its residents because the City and its citizenry are forced to bear the burden of abating and/or enduring the banks' nuisance properties.

12.     Deutsche Bank and Wells Fargo regularly avail themselves of the Hamilton County Courts to prosecute civil actions but consistently refuse to appear when summoned by the City of Cincinnati for the basic maintenance of abandoned and vacant properties they own.

13.     Deutsche Bank and Wells Fargo own the properties as Trustees and, as Trustees, knowingly, purposefully, and consistently fail to conform their property maintenance business practices to the requirements of the laws of the State of Ohio and the City of Cincinnati. Because these business practices include systematic disregard of local and state public safety laws, these business practices cause many of the banks' properties to become public nuisance properties. The City seeks to abate these public nuisance properties that are a direct result of Deutsche Bank's and Wells Fargo's public nuisance business practices.

14.     Deutsche Bank and Wells Fargo are accountable under law in the same manner that individual property owners are held accountable under law for abandoned and vacated properties.

15.     Deutsche Bank's and Wells Fargo's systematic disregard for and persistent violation of state and local property maintenance laws has resulted in a dramatic increase in the number of blighted and unsafe properties throughout the neighborhoods of the City. These properties present an actual physical danger to the City's police officers and firefighters – a danger the property maintenance statutes seek to guard against. These properties also provide havens for criminal activity, destroy the safety and stability of many City neighborhoods, and deplete already scarce City resources. These conditions damage the reputation of both the affected neighborhoods and the City as a whole. Finally, Deutsche Bank and Wells Fargo's persistent and flagrant disregard for these laws undermines the City's ability to enforce its laws, directly interferes with the City's duty to protect its citizens from unsafe and harmful conditions, and

intentionally interferes with the City's contractual relationship with the citizenry memorialized in the City Charter.

16.     The failure of the banks to remediate their nuisance properties and end their business practices of refusing to comply with state and local property maintenance laws has had a direct, adverse impact on public health, safety and welfare.

17.     State and local laws hold property owners, including trustees, responsible for maintaining their properties in compliance with enacted standards.  The identity of owners is determined by public information submitted to, and provided by, the Hamilton County Auditor's Office and the Hamilton County Recorder's Office.  The properties that are pertinent to this Complaint are, were, or will be titled in the name of either Deutsche Bank or Wells Fargo.

18.     Furthermore, the City's laws require that Deutsche Bank and Wells Fargo maintain their properties even before taking paper title to the properties at Sheriff's sale.  As a "person in control" within the meaning of the Cincinnati Municipal Code, the banks are required to maintain their properties either (a) at the time of foreclosure or (b) when they had the ability to exercise authority over the property, whichever occurs first.  Thus, while Deutsche Bank and Wells Fargo often argue (contrary to the facts set forth in Exhibit A) that they only own properties for a few weeks, their responsibility to abate nuisance conditions on the property is typically triggered several months prior to the actual act of taking title to the property.

19.     Exhibits B and C to this Complaint lists the properties relevant to each claim the City asserts against Deutsche Bank and Wells Fargo, respectively.  Both Exhibits B and C contain summary pages for each bank and provides individual worksheets detailing the address of the property owned by the bank that is the subject of orders or notices of violation of the Cincinnati Municipal Code, the nature of the illegal conduct, the date of the offense, the amount owed to the

City, and the length of time the bank held title to the property. Exhibits B and C necessarily cannot include noncompliant properties hereinafter acquired by Deutsche Bank and Wells Fargo. This information will become available through discovery and the City will supplement its exhibits as necessary. The prospective properties are within the scope of this Complaint because they implicate Deutsche Bank's and Wells Fargo's public nuisance business practices that proximately cause the creation and perpetuation of public nuisance properties. Other noncompliant properties currently owned by the banks may not yet be known to the City because of the time lag (several weeks to several months) for new ownership information to become available from the Hamilton County Auditor.

20. The properties that are the subject of this Complaint are vacant, problem buildings and properties that have been or are owned by Deutsche Bank and Wells Fargo and are, or were, the subject of orders, and/or citations, and/or bills, and/or utility assessments, and/or notices of violations from the City of Cincinnati, and all other properties now owned or hereinafter acquired by the banks that fail to meet the minimum standards of property maintenance required by the Ohio Revised Code and the Cincinnati Municipal Code.

21. Because of Deutsche Bank's and Wells Fargo's unlawful business practices, the properties they own are not in compliance with the minimum standards required by state and local law. This unlawful conduct has had the foreseeable and direct result of forcing the City and its neighborhoods to bear the burden of the banks' blighted and nuisance properties and the devastating problems that accompany the properties.

22. While most property owners who own buildings that are consistently out of compliance with the City's laws are criminally prosecuted for their failure to comply with the City's property maintenance laws, Deutsche Bank and Wells Fargo do not appear when summoned and,

accordingly, the City cannot prosecute them criminally. A decision by the Ohio Supreme Court, *City of Cleveland v. Wash. Mut. Bank*, 125 Ohio St. 3d 541 (2010) ruled that trials *in absentia* are not permitted in misdemeanor cases against corporate defendants. The ruling allows out of town banks, like Deutsche Bank and Wells Fargo, to disregard state and local property maintenance laws with impunity. Indeed these banks consistently disregard the laws as a matter of custom and practice. The summary and worksheets in Exhibits B and C provide a snapshot of the extent and nature of Deutsche Bank and Wells Fargo's conduct.

23. The *Wash. Mut. Bank* case limits the options available to the City to hold the banks accountable for their public nuisance business practices, which include, *inter alia,* a persistent failure to maintain properties to the minimum standards the law requires and a policy of ignoring City orders and Court summonses relating to violations of property maintenance laws.

24. Further exacerbating the problem is that Deutsche Bank and Wells Fargo themselves, or their legal counsel, claim not to know from day to day which properties are owned by the banks and which properties have been sold by so-called "servicers."

25. In its Complaint in Case No. A0811824 and the accompanying receivership motion, filed December 22, 2008, the City requested that the Court declare the property owned by Deutsche Bank and located at 3142 Bracken Woods Lane in the Westwood neighborhood of the City a statutory public nuisance and appoint a receiver. On December 26, 2008, the banks improperly removed the case to federal court. During a hearing on the case on December 30, 2008, counsel for Deutsche Bank admitted that Deutsche Bank was the titled owner of the 3142 Bracken Woods Lane property and agreed not to sell or transfer ownership interest in the property during the period of the briefing on the City's successful Motion to Remand. The parties entered into a Consent Order to that effect.

26.     After the case was remanded to state court, counsel for the City reviewed the Auditor's records and learned that the property at 3142 Bracken Woods Lane had indeed been transferred. Counsel for Deutsche Bank indicated that, despite statements to the contrary during the December 30, 2008, hearing and in the Consent Order itself, the transfer had occurred prior to the filing of the lawsuit, apparently unbeknownst even to counsel for Deutsche Bank.

27.     The 3142 Bracken Woods Lane matter also provides a glimpse into the dramatic adverse effect that Deutsche Bank and Wells Fargo's ownership of properties has on property values. The property was sold to Deutsche Bank at Sheriff's sale for $30,000.00 and Deutsche Bank then sold the property for a purchase price of $8,100.00. Prior to Deutsche Bank's foreclosure on the property, the property was purchased for $120,000.00. Deutsche Bank's foreclosure and subsequent transfer of the property caused depreciation in the value of the property in the amount of $111,900.00, a diminution in value of 93.25 percent. This is no accident. Systematic neglect of properties and a flagrant disregard for public safety laws are components of the banks' public nuisance business practices leading directly to foreseeable results as described in this Complaint, including the depreciation of surrounding property values directly and adversely impacting the street, the block, the neighborhood, and the City as a whole.

28.     In Agreed Entry No. 2 between the City of Cincinnati, Price Hill Will, and Wells Fargo Bank, N.A., as Trustee, Wells Fargo demonstrated that its property maintenance business practices with respect to properties in the Westwood neighborhood of the City is to do nothing to abate nuisance conditions on the property but instead to try to divest the problem as quickly as possible. Despite having signed an Agreed Entry to the contrary, and despite having sold the property at a loss of 75 percent, Wells Fargo clearly violated the terms of the court order by both failing to bring the property into compliance within the allotted time frame and then selling the

{00007061-3}                    11

property. However, instead of seeking relief through the Court's contempt powers, the City and Price Hill Will agreed to Wells Fargo's proposal that it be permitted to bring the property into compliance *even though the property was under new ownership*. Electronic mail exchanges documenting Wells Fargo's violation of Agreed Entry No. 2 are attached as Exhibit D.

29.     Deutsche Bank and Wells Fargo have received hundreds of orders, citations, and notices of violation of the Cincinnati Municipal Code. See Exhibits B and C. The banks have consistently failed to bring the properties they own into compliance with the provisions of the Cincinnati Municipal Code and the laws of the state of Ohio.

30.     In each instance that the banks take title to properties, the banks acquire properties that have been or are uninhabitable due to, at a minimum, lack of water service and electricity and winterization of the properties. These conditions bring the properties within the scope of the City's Vacated Building Maintenance License ordinance, discussed in more detail below.

31.     Over the past several years, the City of Cincinnati made several attempts to communicate with Deutsche Bank and Wells Fargo regarding the numerous properties and buildings throughout the City that were and are in violation of City health and housing codes. The banks have consistently failed to take responsibility for the maintenance and upkeep of the properties. The banks have consistently ignored notices sent by the City's Office of Administrative Hearings regarding civil fines for failure to comply with the Cincinnati Municipal Code and the Department of Public Services for Private Lot Abatement costs.

32.     Eighty-one properties owned by Deutsche Bank have been ordered vacated or kept vacant and Deutsche Bank has failed to apply for or obtain Vacated Building Maintenance Licenses (VBML) for these properties pursuant to Section 1101-77.1 of the Cincinnati Municipal Code.

All of the properties are both public safety hazards and pose a serious danger to emergency responders.

33.     Fifty-four properties owned by Wells Fargo have been ordered vacated or kept vacant and Wells Fargo has failed to apply for or obtain VBMLs for these properties, pursuant to Chapter 1101 of the Cincinnati Municipal Code, specifically Section 1101-77.1.  All of the properties are both public safety hazards and pose a serious danger to emergency responders.

34.     Thirty-two properties owned by Deutsche Bank have been cited for failure to properly secure and barricade, creating an unsafe condition.  The City has borne the financial burden of contracting to secure and barricade these properties with City funds.

35.     Twenty-two properties owned by Wells Fargo have been cited for failure to properly secure and barricade, creating an unsafe condition.  The City has borne the financial burden of contracting to secure and barricade these properties with City funds.

36.     Three properties owned by Deutsche Bank were so deteriorated and dilapidated that they were declared public emergencies and the City bore the financial burden of contracting for demolition of that building.

37.     One property owned by Wells Fargo was so deteriorated and dilapidated that it was declared a public emergency and the City bore the financial burden of contracting for demolition of that building.

38.     With respect to each of the properties that are/were the subject of orders, violations or citations, Deutsche Bank and Wells Fargo were provided with repeated notices and willfully and knowingly refused to comply with orders or to take any corrective actions to bring their properties into compliance with the provisions of the Cincinnati Municipal Code and the Ohio

Revised Code. Further, all information with respect to the code violations on the banks' properties is publicly available through the City's website.

39. At all relevant times, the conduct of Deutsche Bank and Wells Fargo was willful and reckless and warrants an award of punitive damages against them.

40. The failure of the banks to maintain their properties in compliance with state and local law has caused the City to incur a number of costs, including, but not limited to, the costs related to barricade and demolition of the properties, costs related to the abatement of litter and other nuisances on the properties, governmental expenditures related to increased fire and police activity associated with the nuisance properties, administrative costs related to repeat inspections by City officials of the subject properties in response to increased complaints of vandalism and criminal activity, bills for sewer service and water service, utility assessments, and those costs relating to both the depletion of property values on the subject properties as well as the depletion of property values on surrounding properties. The banks' conduct has directly and adversely affected the City's tax base. But for the failure of Deutsche Bank and Wells Fargo to maintain their many properties and pay the costs associated with ownership, the scarce City resources used to address municipal problems directly flowing from the banks' unlawful business practices could have been used to address other pressing needs in the City.

41. During the past several years, as a part of their business practices, Deutsche Bank and Wells Fargo have sold many of their properties to out of town investors or speculators for less than the appraised value. The banks unlawfully failed to disclose code violations and other health and safety problems burdening these properties.

42. Deutsche Bank's and Wells Fargo's unlawful public nuisance business practices have caused irreparable harm to the City of Cincinnati for which there is no adequate remedy at law.

43.     Deutsche Bank and Wells Fargo were repeatedly put on notice that the subject properties were not in compliance with local and state laws and purposefully, consistently and flagrantly disregarded all notices and attempts to communicate regarding the subject properties, and knowingly disregarded the foreseeable harms flowing from their willful and malicious conduct.

### III.     LEGAL CLAIMS

**CLAIM ONE:  Deutsche Bank and Wells Fargo Are Liable to the City of Cincinnati For Fees and Fines Pursuant to Cincinnati Municipal Code Sections 1101-57.6 and 1101-75.6.**

44.     The City incorporates by reference all preceding paragraphs of this Complaint.

45.     Deutsche Bank and Wells Fargo repeatedly failed to comply with orders of the Director of Buildings and Inspections and orders of the Chief Building Official, despite the City's many attempts to obtain compliance through the mailing of notices of violation to the banks and notices of hearing to the banks for the relevant properties.

46.     The City held public hearings as necessary for the relevant properties.  Deutsche Bank and Wells Fargo did not appear at the hearings nor did anyone else appear on the banks' behalf to present testimony.

47.     A copy of the hearing decisions, including findings of fact, were mailed to Deutsche Bank and Wells Fargo on the relevant properties; notices to proceed with barricade by governmental action or demolition and intent to raze by governmental action were mailed to the banks on the relevant properties.

48.     The City of Cincinnati has demolished and/or barricaded buildings on the relevant properties.  The City invoiced Deutsche Bank and Wells Fargo for payment on these amounts. The amount due for demolition and barricade from Deutsche Bank is in excess of $42,000 and the amount due for demolition and barricade from Wells Fargo is in excess of $12,000.  Pursuant

to Cincinnati Municipal Code Sections 1101-57.6 and 1101-75.6, this amount constitutes a debt to the City.

49.     To date, Deutsche Bank and Wells Fargo have not paid their debt owing to the City for demolition and /or barricade expenses.

50.     Pursuant to CMC 1101-51.1, each and every day on which an entity continues to violate the applicable provisions of the City's code, after having once been notified of the violation, constitutes a separate offense.

**CLAIM TWO:  Deutsche Bank and Wells Fargo Are Liable to the City of Cincinnati for VBML Fees and Fines Pursuant to Cincinnati Municipal Code Section 1101-129.3.**

51.     The City incorporates by reference all preceding paragraphs of this Complaint.

52.     Deutsche Bank and Wells Fargo repeatedly violated Cincinnati Municipal Code Section 1101-71, pertaining to failure to comply with orders.  The City mailed notices of violation to the banks, posted notices of violation on the buildings themselves, and issued criminal charges and summonses to appear in Court for proceedings relating to the relevant properties.  For examples of these violations, see Exhibits B and C.

53.     Among other things, Deutsche Bank and Wells Fargo failed to apply for and obtain VBMLs.

54.     Pursuant to Cincinnati Municipal Code Chapter 1101, the amount due for the VBML licenses from Deutsche Bank is in excess of $174,000 and the amount due for the VBML licenses from Wells Fargo is in excess of $147,000.  Pursuant to Cincinnati Municipal Code 1101-129.3A, these amounts constitute a debt to the City.

55.     To date, the debt for VBML license fees and associated late fees remains unpaid.

56.     Pursuant to CMC 1101-51.1, each and every day on which an entity continues to violate any provision of this code, after having once been notified of the violation, shall constitute a separate offense.

**CLAIM THREE: Deutsche Bank and Wells Fargo Are Liable to the City of Cincinnati for Violations of Cincinnati Municipal Code Sections 1501-5, 1501-7, and 1501-9**

57.     The City incorporates by reference all preceding paragraphs of this Complaint.

58.     Deutsche Bank and Wells Fargo repeatedly violated Cincinnati Municipal Code Sections 1501-5, 1501-7, and 1501-9, pertaining to fines for Class B, C, and D civil offenses.   For examples of the violations, see Exhibits B and C.

59.     The City provided notices of civil offense and civil fine to the banks.

60.     Deutsche Bank and Wells Fargo failed to respond within the proscribed time period; thus, the banks are in default and the civil fines owed are delinquent.

61.     Pursuant to Cincinnati Municipal Code Section 1501-99, the amount due from Deutsche Bank is in excess of $34,000 and the amount due from Wells Fargo is in excess of $27,000.

62.     Deutsche Bank and Wells Fargo have not paid any of the amounts due.

63.     Pursuant to CMC 1101-51.1, each and every day on which an entity continues to violate any provision of this code, after having once been notified of the violation, shall constitute a separate offense.

**CLAIM FOUR:  Deutsche Bank and Wells Fargo Are Liable to the City of Cincinnati for Re-inspection Fees Pursuant to Cincinnati Municipal Code Section 1101-111.**

64.     The City incorporates by reference all preceding paragraphs of this Complaint.

65.     Deutsche Bank and Wells Fargo persistently failed to comply with orders issued pursuant to the Cincinnati Municipal Code and failed to communicate with City officials as required in the

notices of violations. These failures required City inspectors to repeatedly re-inspect properties owned by the banks that were the subject of orders.

66. Pursuant to Cincinnati Municipal Code 1101-111, the amount due for the re-inspections from Deutsche Bank is in excess of $10,000.00 and the amount due for the re-inspections from Wells Fargo is in excess of $10,000.00. These amounts constitute a debt to the City.

**CLAIM FIVE: Deutsche Bank and Wells Fargo Are Liable to the City of Cincinnati for Violations of Cincinnati Municipal Code Sections 714-45, 714-47 and 731-11.**

67. The City incorporates by reference all preceding paragraphs of this Complaint.

68. Deutsche Bank and Wells Fargo repeatedly violated Cincinnati Municipal Code Section 714-45, 714-47 and 731-11, pertaining to failure to keep the properties owned by the banks free of weed and litter. The City mailed notices of violation and orders to Deutsche Bank and Wells Fargo and posted notices of violation on the buildings themselves. For examples of these violations, see Exhibits B and C.

69. Due to Deutsche Bank's and Wells Fargo's failure to keep these premises free of weed and litter the City expended funds in order to abate these nuisances. The banks have been put on notice that they owe these amounts and yet have failed to reimburse the City for these amounts owing.

70. Pursuant to Cincinnati Municipal Code Chapter 714 and 731, the amount due for the abatements costs from Deutsche Bank is in excess of $4,900 and the amount due for the abatements costs from Wells Fargo is in excess of $6,100. Pursuant to Cincinnati Municipal Code Chapter 714 and 731, these amounts constitute a debt to the City.

71.     To date, the debt for private lot abatement costs associated late fees remains unpaid.

**CLAIM SIX:  Deutsche Bank and Wells Fargo Are Liable for Statutory Public Nuisance Properties Pursuant to R.C. Section 3767.41.**

72.     The City incorporates by reference all preceding paragraphs of this Complaint.

73.     Deutsche Bank and Wells Fargo have repeatedly created statutory public nuisances by owning and failing to remediate the condition of buildings that are a menace to the public welfare, health, and safety.

74.     Deutsche Bank and Wells Fargo have repeatedly been placed on notice that their nuisance properties and buildings were and are out of compliance with the requirements of the Cincinnati Municipal Code and the Ohio Revised Code, and yet they failed to respond to the notices and citations or to correct the dangerous conditions that existed and continue to exist on these properties.

75.     These actions by Deutsche Bank and Wells Fargo have produced foreseeable and inevitable results, including, but not limited to, the depreciation of property values of all the properties owned by Deutsche Bank and Wells Fargo, the depreciation of property values of the surrounding properties, diminution in tax base and tax revenues from neighborhoods blighted by the properties, and a disproportionate economic burden on the City through increased administrative costs incurred as a result of responding to the issues and problems arising from the dilapidated properties.

76.     The City suffered damage as the direct and proximate result of Deutsche Bank and Wells Fargo's unlawful conduct, including, but not limited to, the cost of monitoring, maintaining, and demolishing foreclosed properties, fire and police expenditures associated with the nuisance properties,  administrative costs related to repeat inspections by City officials of the subject

properties in response to increased complaints of vandalism and criminal activity, and decreased tax revenues resulting from the depreciated value of the affected homes and all surrounding real estate.

77.     The specific properties owned by Deutsche Bank and Wells Fargo that are public nuisances are those properties subject to condemnation, vacate/keep vacant, barricade, or VBML orders.

**CLAIM SEVEN:  The City of Cincinnati is Entitled Under R.C. 3767.41 to an Order of Remedial Action in its Favor and Against Deutsche Bank and Wells Fargo I**

78.     The City incorporates by reference all preceding paragraphs of this Complaint.

79.     The City requests remedial action as provided by R.C. 3767.41, including but not limited to an order to immediately abate the public nuisances, a permanent injunction, or any other relief the Court deems necessary to abate the public nuisances at Deutsche Bank and Wells Fargo's properties.

**CLAIM EIGHT: Deutsche Bank's and Wells Fargo's Property Maintenance Business Practices are a Common Law Absolute Public Nuisance**

80.     The City incorporates by reference all preceding paragraphs of this Complaint.

81.     Deutsche Bank and Wells Fargo have acquired title to hundreds of residential properties in the City of Cincinnati.

82.     As owner of the subject properties, the banks have a duty to comply with state and local laws relating to property maintenance.

83.     As a general practice, after taking title to properties, Deutsche Bank and Wells Fargo fail to comply with the Cincinnati Municipal Code and the Ohio Revised Code provisions relating to property maintenance.

84.     These property maintenance laws are safety statutes.

85.     Deutsche Bank's and Wells Fargo's intentional and systematic refusal and failure to comply with City of Cincinnati Municipal Code and Ohio Revised Code provisions that protect the public health, safety and welfare on a routine and consistent basis constitutes an unreasonable interference with a right common to the general public.

86.     In selling their properties in nuisance conditions to third parties, Deutsche Bank and Wells Fargo have intentionally violated R.C. 5302.30 and have regularly failed to disclose to purchasers the code violations and other health and safety problems burdening their properties.

87.     The City has been harmed by the enormous financial burden and immeasurable non-economic costs stemming directly from Deutsche Bank and Wells Fargo's unlawful business practices. The unlawful business practices of the banks, as set forth in the preceding paragraphs, are a danger to the public health, safety and welfare and the City and its residents have suffered harm as a direct result.

88.     The business practices of Deutsche Bank and Wells Fargo, as set forth in the preceding paragraphs, are the actual and proximate cause of the harm described in the preceding paragraph.

89.     Deutsche Bank and Wells Fargo knew or should have known that their business practices caused and sustained public nuisance conditions in the City through as a direct result of their systematic and consistent failure to comply with state and local safety laws. The banks were repeatedly put on notice that their nuisance properties and buildings were and are out of compliance with the requirements of the Cincinnati Municipal Code and the Ohio Revised Code, and yet the banks persisted in their conduct.

90.     Deutsche Bank's and Wells Fargo's conduct is persistent, ongoing and continuous and the conduct has produced foreseeable and inevitable results that will have long lasting effects on

{00007061-3}                                21

the neighborhoods in which the banks' nuisance properties exist, as well as on the City as a whole.

91.    Deutsche Bank's and Wells Fargo's public nuisance business practices have directly caused public nuisance conditions within the City for which the City has incurred significant municipal costs.

92.    The City therefore petitions this Court to declare Deutsche Bank and Wells Fargo's unlawful property maintenance business practices an absolute public nuisance and to enjoin these unlawful business practices.

93.    Because Deutsche Bank and Wells Fargo continue to acquire properties, their unlawful property maintenance business practices will persist without a court order requiring the banks to rehabilitate and maintain their properties in accordance with the law.

94.    The business practices set forth in the preceding paragraphs are a continuing and ongoing nuisance.  Accordingly, the City requests equitable relief, including but not limited to, an injunction permanently enjoining Deutsche Bank and Wells Fargo's unlawful property maintenance business practices.

**CLAIM NINE:    Deutsche Bank's and Wells Fargo's Noncompliant Properties are a Common Law Public Nuisance.**

95.    The City incorporates by reference all preceding paragraphs of this Complaint.

96.    Deutsche Bank and Wells Fargo have failed to maintain their properties in compliance with the requirements of the Cincinnati Municipal Code and the Ohio Revised Code and have allowed these properties to deteriorate to the point that they present a danger to the public health, safety and welfare.

97.    Deutsche Bank and Wells Fargo knew or should have known that they created and maintained a public nuisance in the City by failing to maintain their properties to the minimum

{00007061-3}                           22

standards required by local and state law. The banks were repeatedly put on notice that their nuisance properties and buildings were and are out of compliance with the requirements of the Cincinnati Municipal Code and the Ohio Revised Code, and yet Deutsche Bank and Wells Fargo persisted in their conduct.

98. Deutsche Bank and Wells Fargo's conduct unreasonably interfered with the public health, safety, and welfare and was conduct contrary to state and local law.

99. Deutsche Bank and Wells Fargo's conduct is persistent, ongoing and continuous and the conduct has produced foreseeable and inevitable results that will have long-lasting effects on the neighborhoods in which the banks' nuisance properties exist, as well as on the City as a whole.

100. The City and its neighborhoods suffered damage as the direct and proximate result of Deutsche Bank and Wells Fargo's unlawful and tortious conduct, including, but not limited to, the cost of monitoring, maintaining, and demolishing foreclosed properties, fire and police expenditures associated with these nuisance properties, administrative costs related to repeat inspections by City officials of the subject properties in response to increased complaints of vandalism and criminal activity, and decreased tax revenues resulting from the depreciated value of the affected homes and all surrounding real estate.

101. The specific properties that are the subject of this claim are those properties currently owned or hereinafter acquired by Deutsche Bank and Wells Fargo that are the subject of condemnation, vacate/keep vacant, barricade, or VBML orders.

**CLAIM TEN: The City of Cincinnati is Entitled to a Declaratory Judgment in its Favor and Against Deutsche Bank and Wells Fargo.**

102. The City incorporates by reference all preceding paragraphs of this Complaint.

103. There is a real and justiciable dispute between the parties.

104.   Pursuant to Chapter 2721 of the Ohio Revised Code, the City requests a declaratory judgment that Deutsche Bank and Wells Fargo own and are responsible for the maintenance of the properties that are the subject of this Complaint; that the properties are statutory and common law public nuisances; that Deutsche Bank and Wells Fargo's business practices constitute a public nuisance, with respect to their unlawful practices as property owners including but not limited to their failure to abate nuisance conditions threatening public safety and welfare; and that the City is entitled to an award of damages for unpaid fees, fines, administrative costs, and depletion of property values resulting from Deutsche Bank and Wells Fargo's failure to maintain the subject properties in accordance with the Cincinnati Municipal Code and the Ohio Revised Code.

**CLAIM ELEVEN:  Deutsche Bank and Wells Fargo Have Intentionally Interferred with the City's Fiduciary Public Trust Responsibility to its Citizenry.**

105.   The City incorporates by reference all preceding paragraphs of this Complaint.

106.   The City has a fiduciary public trust responsibility to the citizens of the City of Cincinnati established by the City Charter.

107.   Deutsche Bank and Wells Fargo knowingly and intentionally have prevented the City of Cincinnati from fulfilling its responsibility to the citizenry through their intentional and repeated behavior.  The banks were provided with numerous notices and, as a pattern and practice of behavior, willfully and knowingly refused to comply with City orders or to take any corrective actions to bring the properties into compliance with the provisions of the Cincinnati Municipal Code and the Ohio Revised Code.

108.   Due to the behavior by Deutsche Bank and Wells Fargo, the City has been unable to remediate the public nuisances created by the banks ownership of and failure to maintain their

properties, thus preventing the City from fulfilling its fiduciary duty to abate menaces to the public welfare, health, and safety.

109.   The behavior by Deutsche Bank and Wells Fargo produced foreseeable and inevitable results and the City suffered damage as the direct and proximate result of the banks' unlawful conduct, including, but not limited to, the cost of monitoring, maintaining, and demolishing foreclosed properties, fire and police expenditures associated with the nuisance properties, administrative costs related to repeat inspections by City officials of the subject properties in response to increased complaints of vandalism and criminal activity, and decreased tax revenues resulting from the depreciated value of the affected homes and all surrounding real estate.

**CLAIM TWELVE:  Deutsche Bank and Wells Fargo are Liable to the City for Punitive Damages**

110.   The City incorporates by reference all preceding paragraphs of this Complaint.

111.   Deutsche Bank's and Wells Fargo's actions and conduct with respect to the properties that are the subject of this Complaint have been persistent, intentional, deliberate, willful, wanton, and malicious.

112.   Deutsche Bank and Wells Fargo authorized, ratified and participated in the persistent, intentional, deliberate, willful, wanton, and malicious misconduct.

113.   Punitive damages are the only effective deterrent against Deutsche Bank and Wells Fargo's repeated and persistent misconduct.

**WHEREFORE,** The City of Cincinnati requests that the Court:

A.   Enter judgment against Deutsche Bank for payment of all unpaid fees, fines, assessments and bills and any other amounts subject to increase pursuant to the provisions of CMC 1101-51.1 and any other relevant provision of the

{00007061-3}                25

Cincinnati Municipal Code, the Ohio Revised Code, or the discovery of new information, and order payment of interest and costs as permitted by law.

B.      Enter judgment against Wells Fargo Bank for payment of all unpaid fees, fines, assessments and bills and any other amounts subject to increase pursuant to the provisions of CMC 1101-51.1 and any other relevant provision of the Cincinnati Municipal Code, the Ohio Revised Code, or the discovery of new information, and order payment of interest and costs as permitted by law.

C.      Enter declaratory judgment that Deutsche Bank and Wells Fargo have unlawfully failed to comply with the property maintenance provisions of local and state law on the properties they own and that the City of Cincinnati is entitled to an award of damages for unpaid fees, fines, administrative and municipal costs, and depletion of property values resulting from the banks failure to maintain the subject properties in accordance with the Cincinnati Municipal Code and the Ohio Revised Code.

D.      Declare as statutory and common law public nuisances the properties that are the subject of this Complaint.

E.      Order Deutsche Bank and Wells Fargo to identify and inventory all properties they currently own as trustee and/or as fiduciary in the City of Cincinnati.

F.      Order Deutsche Bank and Wells Fargo to maintain as current, the inventory specified in paragraph E, above.

G.      Of the properties listed in the inventory specified in paragraph E above, order Deutsche Bank and Wells Fargo to inform the Chief Building Official of all

properties that are uninhabitable, including those that are uninhabitable due to the lack of water and/or electric service, and order the banks to obtain a Vacated Building Maintenance License on all properties.

H.  Declare Deutsche Bank and Wells Fargo's property maintenance business practices a common law absolute public nuisance.

I.  Permanently enjoin Deutsche Bank and Wells Fargo from conducting their business practices in a manner constituting an absolute public nuisance.

J.  Order Deutsche Bank and Wells Fargo to abate their nuisance business practices and to timely comply with the Cincinnati Municipal Code, the Ohio Revised Code and other applicable laws prohibiting nuisance conditions in residential properties.

K.  Enter preliminary and permanent injunctions requiring Deutsche Bank and Wells Fargo to abate the nuisance conditions at all of the properties they own and to bring those properties into compliance with the Cincinnati Municipal Code and the Ohio Revised Code, and in accordance with the standard for abatement set forth in R.C. 3767.41(A)(3).

L.  Order Deutsche Bank and Wells Fargo to provide the City of Cincinnati with an agent for service of process within Hamilton County, Ohio, that will accept service on behalf of Deutsche Bank and Wells Fargo for any and all violations of municipal, state, or federal law.

M.  Award actual and punitive damages, in an amount to be determined at trial.

N.    Direct Deutsche Bank and Wells Fargo to pay the costs of this proceeding, including attorney fees and expenses.

O.    Award all other relief that the Court deems just and equitable.

Respectfully submitted,

**John P. Curp (0064782)**
City Solicitor

**Paula Boggs Muething (0080018)**
**Richard Ganulin (0025642)**
**Assistant City Solicitors**
Room 214, City Hall
801 Plum Street
Cincinnati, Ohio 45202
Telephone: (513) 352-4551
Facsimile: (513) 352-1515
paula.boggs-muething@cincinnati-oh.gov

Counsel for Plaintiff City of Cincinnati

{00007061-3}                         28

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing was served this December 21, 2011, by

regular U.S. mail upon Counsel for Defendants at the following addresses:

Carolyn A. Taggart
Kendall V. Shaw
Porter Wright Morris & Arthur
250 East Fifth Street, Suite 2200
Cincinnati, Ohio 45202
Counsel for Defendant Deutsche Bank National Trust Company

Elizabeth Frohlich
Morgan, Lewis & Bockius, LLP
One Market-Spear Street Tower
San Francisco, CA 94105
Counsel for Defendant Deutsche Bank National Trust Company

Patrick M. McLaughlin
McLaughlin and McCaffrey, LLP
1111 Superior Avenue, Suite 1350
Cleveland, Ohio 44114
Counsel for Defendant Wells Fargo Bank, N.A.

David Dunn
Allison J. Schoenthal
Hogan Lovells US LLP
875 Third Avenue
New York, New York 10022
Counsel for Defendant Wells Fargo Bank, N.A.

Lawrence C. Baron
Assistant Prosecuting Attorney
230 East Ninth Street, Suite 4000
Cincinnati, Ohio 45202
Counsel for Defendant Hamilton County Treasurer

Paula Boggs Muething (0080018)
Assistant City Solicitor

**THE EXHIBITS TO THIS COMPLAINT ARE BEING FILED ELECTRONICALLY
UNDER SEPARATE COVER DUE TO VOLUME**